# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-18-00219-CR

**Allison Scott Shaw, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2013-598, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Allison Scott Shaw was convicted by a jury of theft of property valued at less than $2,500 with two prior theft convictions, *see* Tex. Penal Code § 31.03(a), (e)(4)(D), and tampering with physical evidence, *see id.* § 37.09. Appellant elected to have the trial court decide his punishment, *see* Tex. Code Crim. Proc. art. 37.07(2)(b), and the court assessed appellant's punishment, enhanced pursuant to the habitual offender provisions of the Penal Code, *see* Tex. Penal Code §§ 12.425(c), 12.42(d), at confinement in the Texas Department of Criminal Justice for 20 years for the theft offense and for 60 years for the tampering offense.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967);

*Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988).

Appellant's counsel has certified to this Court that she sent copies of the motion and brief to appellant, advised appellant of his right to examine the appellate record and file a pro se response, and provided a motion to assist appellant in obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. Appellant did not file a motion requesting access to the record, and, to date, has not filed a pro se response or requested an extension of time to file a response.

We have conducted an independent review of the record—including the record of the trial proceedings below and appellate counsel's brief—and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous. Counsel's motion to withdraw is granted.[1]

On review of the record, however, we observe that the trial court's written judgment of conviction for theft contains non-reversible clerical error. The judgment states that the "Statute

---

[1] Appointed counsel certified to this Court that he advised appellant of his right to seek discretionary review pro se should this Court declare his appeal frivolous. In addition, appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*. Nevertheless, appointed counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure, which mandates that counsel send appellant a copy of this Court's opinion and judgment along with notification of his right to file a pro se petition for discretionary review within five days after this opinion is handed down. *See* Tex. R. App. P. 48.4; *see In re Schulman*, 252 S.W.3d 403, 411 n.35 (Tex. Crim. App. 2008). The duty to send appellant a copy of this Court's decision is an informational one, not a representational one. *See In re Schulman*, 252 S.W.3d at 411 n.33. It is ministerial in nature, does not involve legal advice, and exists after this Court has granted counsel's motion to withdraw. *See id.*

for Offense" is "31.03(e)(4)(D) / 12.425(c) Penal Code." These statutory provisions establish the degree of offense and the punishment range for the instant theft offense: section 31.03(e)(4)(D) establishes that the offense of theft of property valued at less than $2,500 with two prior convictions is a state jail felony; section 12.425(c) is the state-jail felony habitual-offender provision applicable in this case. However, the applicable statutory provisions for the offense for which appellant was convicted also include section 31.03(a) of the Penal Code, the statutory provision that defines the offense of theft.

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment of conviction for theft in Count I to reflect that the "Statute for Offense" is "31.03(a), (e)(4)(D) / 12.425(c) Penal Code." As so modified, the trial court's judgment of conviction for theft in Count I is affirmed; the trial court's judgment of conviction for tampering with physical evidence in Count III is affirmed.

_____

Edward Smith, Justice

Before Chief Justice Rose, Justices Baker and Smith

Count I:        Modified and, as Modified, Affirmed

Count III:      Affirmed

Filed:  April 17, 2019

Do Not Publish

3